UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL GALINDO MENDOZA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIV. NO. SA-12-CA-241-FB |
| | * | |
| EQUABLE ASCENT FINANCIAL, LLC, | * | |
| and DOES 1 through 30, | * | |
| | * | |
| Defendants | * | |

## O R D E R

On this day came on to be considered the matter of plaintiff's failure to state a claim in his complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2, *et seq.* This is one of a large number of cases filed recently by this individual and other plaintiffs *pro se* under the FCRA and the Fair Debt Collection Practices Act. The complaints make similar allegations and even the same spelling and grammatical errors, giving the Court reason to believe they derive from the same source. For that reason, the Court has screened the complaints to assure that they state a claim upon which relief can be granted.

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. A district court may dismiss a complaint *sua sponte* for failure to state a claim.

*Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5ᵗʰ Cir. 2006).
Under Federal Rule of Civil Procedure 8(a)(2), a pleading must
contain a short and plain statement of the claim showing that the
pleader is entitled to relief.  To state a claim upon which relief
can be granted, the factual allegations must be sufficient to state
a claim to relief that is plausible on its face and to raise a
right to relief above the speculative level.  *Bell Atlantic Corp.
v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A complaint need not
contain detailed factual allegations, but must include more than
labels and conclusions or a formalistic recitation of the elements
of a cause of action.  *Id.* at 555.

A claim has facial plausibility when the pleaded factual
content allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*,
556 U.S. ___, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  The
mere possibility of misconduct is not sufficient.  *Id.,* 129 S.Ct.
at 1950.  The Court must accept all well-pleaded facts as true,
viewing them in the light most favorable to the plaintiff.
*Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386 (5ᵗʰ Cir.
2008).  However, the Court need not accept plaintiff's *legal*
conclusions as true.  *Iqbal*, 129 S.Ct. at 1949.  Threadbare
recitals of the elements of a cause of action, supported by mere
conclusory statements, will not suffice.  *Id.*

2

**Background**

Plaintiff alleges that, on or about February 7, 2012, he he requested his credit report which showed some inaccuracies in the information furnished by defendant.  On the same day, he notified the consumer reporting agencies via the Internet and defendant via the mail that he was disputing a certain account.  Subsequently, on or about March 11, 2012, according to plaintiff, defendant responded to the consumer reporting agencies.  Plaintiff alleges that defendant violated § 1681s-2(a)(1)(A) by reporting information with actual knowledge of errors.  He also states that defendant violated § 1681s-2(a)(1)(B)(i) and (ii) by reporting information to the consumer reporting agencies after notice and confirmation of errors.

Plaintiff next alleges that, on March 13, 2012, plaintiff notified defendant and the consumer reporting agencies by mail and fax that defendant had not performed its duty to provide notice of the dispute in violation of § 1681s-2(a)(3).  He contends that, on several occasions, he disputed the accuracy and completeness of his credit reports to defendant and by telephone to the credit reporting agencies.  Plaintiff asserts that, on each occasion, the credit reporting agencies and defendant investigate the account and verified the information but did not correct the erroneous information.  He also alleges that defendant did not advise the consumer reporting agencies that the account was disputed.

3

Plaintiff states that the foregoing acts and omissions constitute numerous and multiple violations of the FCRA, citing to § 1681s-2(b).    He   seeks   damages   pursuant   to   §   1681n   (willful noncompliance).

## **Analysis**

Plaintiff's complaint does not state a claim upon which relief can be granted.    He alleges that defendant violated § 1681s-2(a)(1)(A) by reporting information with actual knowledge of errors.   Plaintiff also states that defendant violated § 1681s-2(a)(1)(B)(i) and (ii) regarding the reporting of information after notice and confirmation of errors.   He contends that defendant failed to advise the consumer reporting agencies that the account information was "disputed by the consumer," as required by § 1681s-2(a)(3).   Plaintiff attempts to obtain damages under §§ 1681n and 1681o.   However, §§ 1681s-2(c) and (d) state that a claim for violation of § 1681s-2(a) can be pursued only by federal or state officials, and not by a private party. ***See Devoll v. Fleet Bank***, 2007 WL 1889227, at *2 (W.D.Tex. 2007).   Plaintiff also sues defendant under § 1681s-2(b).

Section 1681s-2(b)(1) provides that, after receiving notice pursuant to § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

    Plaintiff does not allege that defendant failed to conduct an investigation with respect to the disputed information, failed to review all relevant information provided by the consumer reporting agency, failed to report the results of the investigation to the consumer reporting agency, or found that the information was

5

incomplete or inaccurate or could not be verified.  In fact, plaintiff states that defendant "verified or updated" the information.  He simply states that defendant "did not address the dispute..." and "did not correct the erroneous information." Plaintiff's allegations demonstrate that defendant addressed the dispute.  Nothing in § 1681s-2(b) requires defendant to correct information simply because the consumer believes it is erroneous. *Bashore v. Resurgent Capital Services, L.P.*, 2011 WL 6089483, at *1 (5th Cir. 2011)(plaintiff's "assertion that the [FCRA] mandates that the allegedly inaccurate information be deleted from her credit reports on account of her dispute is inaccurate].  Thus, it does not appear that plaintiff has stated a claim under § 1681s-2(b).

Although plaintiff has failed to state a claim, he shall be given an opportunity to amend his complaint to cure the defects. By April 12, 2012, plaintiff must file an amended complaint alleging facts, not conclusions, to support his claims.  Plaintiff must specify what information defendant reported to the consumer reporting agencies on or about March 11, 2012.  He must provide some proof of that information and not speculate as to what information was provided.

If plaintiff intends to state a claim under § 1681s-2, he must identify the specific provision of that section under which he intends to sue and state sufficient facts showing that he can maintain a cause of action under that provision.  If any

communications between himself, the credit reporting agencies, and/or the defendant are a necessary element of the claim, he must attach a copy of the communication to the amended complaint or suitable alternative evidence that the communication exists.  The allegations in plaintiff's amended complaint must be verified under penalty of perjury in accordance with 28 U.S.C. § 1746.  Failure to comply with this Order shall result in a recommendation that this lawsuit be dismissed.

Plaintiff is advised that, pursuant to Rule 11(b), Fed.R.Civ.P., his lawsuit must have a factual and legal basis. Under that rule, by presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted

7

on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.  Violation of this rule can subject the person to sanctions.  If plaintiff does not have a factual or legal basis for this lawsuit, he should submit a motion to dismiss under Rule 41(a)(1), Fed.R.Civ.P.

It is so **ORDERED.**

**SIGNED** on March 27, 2012.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE